# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| RANDY LOUIS LINDERMAN,<br><br>    Plaintiff,<br><br>vs.<br><br>DAVID DIEMER, DEBORAH EDWARDS, CORNELL SMITH, JERRY BURT, SHERLY LOCKWOOD, MICHAEL SAVALA, JOHN BALDWIN,<br><br>    Defendants. | No. C09-3063-LRR<br><br>INITIAL REVIEW ORDER |

   This matter is before the court on the plaintiff's application to proceed in forma pauperis (docket no. 1). The plaintiff submitted such application on September 29, 2009. Along with his application to proceed in forma pauperis, the plaintiff submitted a complaint pursuant to 42 U.S.C. § 1983 and an application for appointment of counsel (docket no. 2).

   Based on the application submitted, in forma pauperis status shall be granted. 28 U.S.C. § 1915. The clerk of court shall file the complaint without the prepayment of the filing fee. The plaintiff shall submit $19.00 as his initial partial filing fee. 28 U.S.C. § 1915(b)(1). In addition, the plaintiff shall submit monthly payments of 20 percent of the preceding month's income credited to his inmate account until the $350.00 filing fee is paid. 28 U.S.C. § 1915(b)(2); *see also* 28 U.S.C. § 1914(a) (requiring $350.00 filing fee). The agency having custody of the plaintiff shall forward payments from his inmate account to the clerk of court each time the amount in the account exceeds $10 until the filing fee is paid. 28 U.S.C. § 1915(b)(2).

   In *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973), the Supreme Court delineated what constitutes a habeas corpus action as opposed

to a 42 U.S.C. § 1983 claim. The plaintiff's label of his action cannot be controlling. *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (citing *Preiser*, 411 U.S. at 489-90). If a plaintiff is challenging the validity of his conviction or the duration of his incarceration and seeking a determination that he is entitled to immediate or speedier release, a writ of habeas corpus is the only federal remedy available. *Preiser*, 411 U.S. at 500; *Otey v. Hopkins*, 5 F.3d 1125, 1131 (8th Cir. 1993). It is the substance of the relief sought which counts. *Kruger,* 77 F.3d at 1073.

In this action, the plain language of the complaint demonstrates that the plaintiff is challenging the validity of his confinement. The plaintiff, among other things, complains about the disciplinary reports that he received, the disciplinary proceedings that followed and the sanctions that he received. As relief, the plaintiff states that he would like the court to restore the 180 days of earned time that he lost and to award him damages. The relief sought by the plaintiff is not available in a 42 U.S.C. § 1983 action.[1] Thus, the plaintiff's claims under 42 U.S.C. § 1983 shall be dismissed.

Construing the action as an application for habeas corpus relief under 28 U.S.C. § 2254, the claims shall be dismissed because it is clear from the complaint and the exhibits that the plaintiff did not seek post-conviction relief pursuant to Chapter 822 of the Iowa Code. *See* Iowa Code section 822.1, *et al*. (providing for post-conviction relief). Stated differently, dismissal is appropriate because the plaintiff failed to meet the exhaustion requirements of 28 U.S.C. § 2254(b)(1).

For the foregoing reasons, this action shall be dismissed because it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); *see also* 28 U.S.C. §

---

[1] The court notes that a 42 U.S.C. § 1983 cause of action for damages does not arise until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal . . ., or called into question by the issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486, 114 S. Ct. 2364, 129 L. Ed.2d 383 (1994).

1915(e). The dismissal of this action shall count against the plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

Having concluded that dismissal is warranted, the plaintiff's application for appointment of counsel shall be denied as moot.

**IT IS THEREFORE ORDERED**:

1) The plaintiff's application to proceed in forma pauperis (docket no. 1) is granted.

2) The clerk of court is directed to file the complaint without the prepayment of the filing fee.

3) The plaintiff is directed to submit $19.00 as his initial partial filing fee and to submit monthly payments of 20 percent of the preceding month's income credited to his inmate account until the $350.00 filing fee is paid.

4) The agency having custody of the plaintiff is directed to forward payments from the plaintiff's inmate account to the Clerk of Court each time the amount in the account exceeds $10 until the filing fee is paid.

5) The plaintiff's complaint is dismissed.

6) The dismissal of this action counts against the plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

7) The plaintiff's application for appointment of counsel (docket no. 2) is denied as moot.

**DATED** this 27th day of October, 2009.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

TO:   WARDEN/ADMINISTRATOR
      **Anamosa State Penitentiary, Anamosa, Iowa**

## NOTICE OF COLLECTION OF FILING FEE

You are hereby given notice that Randy Louis Linderman, #0800122, an inmate at your facility, filed the following lawsuit in the United States District Court for the Northern District of Iowa: *Linderman v. Diemer*, Case No. C09-3063-LRR. The inmate was granted in forma pauperis status pursuant to 28 U.S.C. § 1915(b), which requires partial payments of the $350.00 filing fee. Based on the inmate's account information, the court has assessed an initial partial filing fee of $19.00, which the inmate must pay now to the clerk of court. 28 U.S.C. § 1915(b)(1).

> After payment of the initial partial filing fee, the [inmate] shall be required to make monthly payments of 20 percent of the preceding month's income credited to [his] account. The agency having custody of the [inmate] shall forward payments from [his] account to the clerk of court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, you must monitor the account and send payments to the clerk of court according to the system provided in 28 U.S.C. § 1915(b)(2), that is, you should begin making monthly payments of 20 percent of the preceding month's income credited to the inmate's account.

Please make the appropriate arrangements to have these fees deducted and sent to the court as instructed.

s/Karen S Yorgensen
_____
Robert L. Phelps
U.S. District Court Clerk
Northern District of Iowa